[Cite as *Stevens v. Rowe*, 2018-Ohio-925.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER STEVENS | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CASSIDY ROWE | : | Case No. 2017 AP 09 0026 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2016 CC 00065

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 9, 2018

APPEARANCES:

For Plaintiff-Appellee

SCOTT MASTIN
108 East High Avenue
Suite 3
New Philadelphia, OH 44663

For Defendant-Appellant

JOSEPH I. TRIPODI
114 East High Avenue
New Philadelphia, OH 44663

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Cassidy Rowe (Mother) appeals the August 8, 2017 judgment of the Tuscarawas County Court of Common Pleas Juvenile Division adopting the magistrate's decision awarding custody of A.S to plaintiff-appellee Christopher Stevens (Father).

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This is an appeal from an original custody action. Mother and Father never married. Their child, A.S was born on June 6, 2015. On March 31, 2016, Father filed a complaint to establish custody of A.S.

{¶ 3}   By agreement of the parties, the trial court appointed Guardian ad Liteum (GAL) Karen Dummermuth to conduct an investigation. Shortly after the GAL began work on the case, however, Mother objected to her appointment alleging the GAL was biased against her because she was involved in a previous case wherein Mother lost custody of her oldest child. Mother did not request a hearing on the matter, and the magistrate overruled the objection without a hearing. Mother did not file a motion to set aside the magistrate's decision.

{¶ 4}   During her investigation in this matter, the GAL observed both parents as very young, and needing guidance to develop appropriate parenting skills. Both the GAL and Sara Zoke from Help Me Grow worked with and observed both parents and their interaction with A.S. during the pendency of the case. Zoke met with each parent in their respective homes on a weekly basis. Father learned very quickly how to respond to the needs of A.S, while Mother was slow to develop any parenting skills.

{¶ 5}   On March 22, 2017 the matter came for hearing before a magistrate. After hearing evidence from both sides and reviewing evidence submitted from both sides, the magistrate awarded custody to Father. The decision was journalized on May 8, 2017. Mother timely filed objections. On August 8, 2017, the trial court overruled Mother's objections and adopted the magistrate's decision.

{¶ 6}   Mother now brings this appeal, raising three assignments of error:

I

{¶ 7}   "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTION TO THE APPOINTMENT OF KAREN DUMMERMUTH AS GAL, IN THIS CASE, WITHOUT A DUE PROCESS HEARING."

II

{¶ 8}   "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTION TO F/F #4 (MAGISTRATE'S DECISION), AND IN SO DOING VIOLATED DUE PROCESS RIGHTS OF THE APPELLANT."

III

{¶ 9}   "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S RECOMMENDATION AND IN GRANTING CUSTODY OF [A] TO APPELLEE IN THAT THE MANIFEST WEIGHT OF THE EVIDENCE WAS AGAINST SUCH RECOMMENDATION AND CUSTODY SHOULD HAVE BEEN PLACED IN THE APPELLANT."

I

{¶ 10} In her first assignment of error, Mother argues that the trial court abused its discretion when it in overruled her objection to the appointment of the GAL without first holding a hearing. We disagree.

{¶ 11} First, although Mother now complains the trial court failed to hold a hearing on her objection to the appointment of the GAL, we note Mother's objection, filed June 27, 2016, did not request a hearing. Moreover, Mother did not timely object to the magistrate's decision of June 29, 2016 denying Mother's objection to the appointment of Dummermuth as GAL.

{¶ 12} After custody was awarded to Father, Mother did file objections to the magistrate's findings of fact and conclusions of law, and did again raise her bias argument. However, that was nearly a year after Mother objected to Dummermuth's appointment. Civ.R. 53(D)(2)(b) states that a request to vacate a magistrate's order must be filed within ten days of the order. Because Mother did not timely object to the magistrate's decision overruling her objection to the appointment of Dummermuth as GAL without a hearing, we find she has waived the matter on appeal. Moreover, Mother has not raised plain error.

{¶ 13} The first assignment of error is overruled.

II

{¶ 14} In her second assignment of error, Mother argues the trial court abused its discretion in overruling her objection to the magistrate's fourth finding of fact. We disagree.

{¶ 15} First, an abuse of discretion means more than an error of law or judgment. Rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} Next, "[a] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence and the admission of relevant evidence rests with the sound discretion of the trial court." *Burton v. Dutiel*, 5th Dist. Perry No. 2015-Ohio-4134 ¶ 83 citing *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987).

{¶ 17} The fourth finding of fact stated the following:

> [Mother] has an older child, [B] (age 7) who was removed from her custody during infancy. The child failed to thrive in [Mother's] care. [Mother] did not follow the case plan. The minor child is in the legal custody of the father. [Mother] has not seen the child in about 6 years.

{¶ 18} According to Mother, using B's removal as a reason to take A.S was unconscionable and prejudicial.

{¶ 19} Mother argues B was removed from her care due to reasons other than those stated in the record of this matter. Why B was removed from mother's care, however, is not an issue to be retried in this case. Finding of Fact No. 4 merely recited a factual circumstance regarding Mother's older child. Mother's past parenting behavior is

and her ability to learn from the case plan services are all relevant to her current ability to parent and a determination of the best interests of A.S.

{¶ 20} Additionally, the case involving B was only one consideration of ten set forth in the magistrate's decision. The magistrate's ultimate decision was based on evidence that Father "has matured and learned to successfully parent this minor child," while on the other hand, Mother made little progress toward the same goal "despite the number of people offering her help and guidance." Magistrate's decision, May 8, 2017 at 3.

{¶ 21} We find no abuse of discretion. Accordingly, we overrule the second assignment of error.

III

{¶ 22} In her final assignment of error, Mother argues the trial court abused its discretion when it overruled her objections to the magistrate's recommendation granting custody of A.S to Father. Specifically, Mother argues the award of custody to Father is against the manifest weight of the evidence. She argues she is entitled to custody of A.S. because there was no finding of harm to A.S if Mother retained custody. We disagree.

{¶ 23} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In *Thompkins*, supra, at 387, quoting Black's Law Dictionary 1594 (6th Ed.1990), the Supreme Court of Ohio explained the following:

Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."

{¶ 24} In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶ 25} First, this is an appeal from an original custody action. Thus, contrary to Mother's argument, there is no requirement that there be a showing of a change in circumstance or "harm." Rather, R.C. 3109.042(A) applies to this matter and provides:

An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian. A court designating the residential parent and legal custodian of a child described in this section shall treat the mother and father as standing upon an equality when making the designation.

{¶ 26} Pursuant to R.C. 3109.04(B)(1), when allocating parental rights and responsibilities for the care of the children in an original proceeding, the court shall take into account that which would be in the best interest of the child.

{¶ 27} R.C. 3109.04(F)(1)(a)-(j) sets forth a non-exhaustive list of factors a court shall consider to determine the child's best interest: (a) the parents' wishes; (b) the child's wishes if the court has interviewed the child; (c) the child's interaction and interrelationship with the child's parents, siblings and any other person who may significantly affect the child's best interests; (d) the child's adjustment to home, school, and community; (e) the mental and physical health of all relevant persons; (f) the parent more likely to honor and facilitate court-approved parenting time rights or companionship rights; (g) whether either parent has failed to make all child support payments pursuant to a child support order; (h) whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to certain criminal offense involving children; (i) whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with a court order; and (j) whether either parent has established a residence, or is planning to establish a residence, outside of Ohio.

{¶ 28} In *Pater v. Pater*, 63 Ohio St.3d 393, 396, 588 N.E.2d 794 (1992) the Supreme Court of Ohio discussed the standard of review in a custody matter:

> The statutory standard is written broadly and requires the domestic relations judge to consider all factors that are relevant to the best interests of the child. The purpose of a far-reaching inquiry is to allow

the judge to make a fully informed decision on an issue as important as which parent will raise the child. "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." (Citations omitted.) *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, 849. A reviewing court will not overturn a custody determination unless the trial court has acted in a manner that is arbitrary, unreasonable, or capricious. *Id.*

{¶ 29} Turning to the relevant factors set forth in R.C. 3109.04(F)(1), and other relevant considerations, the trial court heard evidence and reviewed exhibits indicating that both parents desired custody of A.S, and A.S. at 18 months-old, was too young to express her wishes. While A.S demonstrated a bond with both parents, that bond was observed to be stronger with Father. T. 120. Father had stable employment and housing, while mother did not. T. 173, Magistrate's Notes of Testimony of GAL.[1] Father kept A.S on a schedule, and provided her with nutritious meals, while mother did not. T. 121-122, 150, GAL report December 12, 2016, Magistrate's Notes of testimony of GAL. Mother's

---

[1] During part of the testimony of the GAL at the March 22, 2017 hearing, the recording device failed. The parties stipulated the magistrate's notes, appellant's appendix 7, were an accurate representation of the GAL's testimony. T. 23-24.

interaction with A.S. was observed as distant and cold, putting her own needs first while Father was observed to be warm, nurturing and responsive to the needs of A.S. T. 69, 150, 154, GAL report September 6, 2016. A.S was observed to be insecure in Mother's home, but social and outgoing in Father's home. T. 142-146. Over the course of the case, Mother became increasingly impatient with A.S while Father was consistently patient. T. 118-119. Mother used age-inappropriate discipline and on one occasion was observed becoming aggressive with A.S because the child rolled over in her sleep and bumped Mother. T.78, 88, 117. Mother's friend, with whom Mother lived at the time of the hearing, and testified on Mother's behalf stated she had concerns about Mother's ability to parent. T. 196.

{¶ 30} Upon review of the record, we find the award of custody to father was not against the manifest weight of the evidence, and does not demonstrate an abuse of discretion. The final assignment of error is overruled.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/rw